UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JUSTIN MAHAN** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 18-111** |
| **UNITED STATES OF AMERICA** | **SECTION "S"** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Daniel Justin Mahan's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DENIED**.

BACKGROUND

On May 24, 2018 a grand jury sitting in the Eastern District of Louisiana indicted Mahan for crimes involving the receipt and possession of child pornography, pursuant to 18 U.S.C. §§ 2252(a)(2); 2252(b)(1); and 2253. Previously, a separate grand jury had indicted Mahan for felonious possession of a firearm.

On August 30, 2018, Mahan pleaded guilty to counts one and two of the combined, superseding bill of information pursuant to a negotiated plea agreement. The final presentence investigative report calculated that, "[b]ased upon a total offense level of 31 and a criminal history category of III, the advisory guideline imprisonment range is 135 to 168 months." After denying a motion for downward variance from Mahan's counsel, this court sentenced Mahan to 151 months of imprisonment on March 14, 2019.

Mahan filed a notice of appeal to the Fifth Circuit Court of Appeals on March 22, 2019, which was dismissed on June 11, 2019. In the instant 28 U.S.C. § 2255 motion, he argues that his plea was invalid and that he received ineffective assistance of counsel.

1

ANALYSIS

**1. Mahan's Plea Agreement; Waiver of Right to Contest Conviction**

In his signed plea agreement, Mahan agreed that he "waives and gives up any right to challenge his sentence collaterally, including . . . rights which arise under Title 28, United States Code Section[] 2255," except he reserved his "right to raise a claim of ineffective assistance of counsel in an appropriate proceeding." Thus, all § 2255 claims not relating to ineffective assistance of counsel are barred.

**2. Plea Allocution**

Mahan argues that his plea allocution at his August 30, 2018 rearraignment is not valid. He argues that the government threatened him and that he was taking medication that adversely affected his ability to understand the proceeding. The government argues that Mahan took the opposite stance at his rearraignment, and that the court should rely on those statements.

The standard for voluntariness was adopted by the Supreme Court of the United States in Brady v. United States, 397 U.S. 742, 755 (1970).

> (A) plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

A plea is intelligently made if the defendant "was advised by competent counsel . . . made aware of the nature of the charge against him, and there [must be] nothing to indicate that he was incompetent or otherwise not in control of his mental faculties;" Id. at 756. The Supreme Court has also previously articulated the test as "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a

rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, (1960).

At rearraignment, Mahan stated that he was not pleading guilty due to any non-plea promises of leniency or threats. He was able to correctly list the medications that he was taking, stated he was not under the influence of anything else, and stated that he was still able to understand the proceedings. On multiple occasions throughout the plea allocution, Mahan stated that he understood the various rights that he had and was waiving in his plea agreement and at the rearraignment that day, including his appellate rights. He twice stated that he was pleading guilty because he was in fact guilty. Similar plea allocutions have been held to bar subsequent claims that pleas were entered invalidly absent independent evidence of foul play. See Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991). This court must take Mahan's sworn testimony at the plea allocution at face value. The court finds that Mahan's plea was knowingly, voluntarily, and intelligently made and is therefore valid.

### 3. Ineffective Assistance of Counsel

Mahan argues that his counsel, Jerrod Thompson-Hicks ("Hicks"), was ineffective because he failed to: (1) review the plea agreement with him (2) move to suppress evidence found in Mahan's garage (3) move to suppress evidence found on Mahan's laptops (4) move to dismiss the indictment (5) investigate the facts in the presentence report and (6) present sufficient mitigation evidence at sentencing.

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that, but for counsel's deficient performance, the likely outcome of the proceeding would have been different Strickland v. Washington, 466 U.S. 668, 687-96 (1984). The petitioner must meet

both prongs of the Strickland test and, if a court finds that the petitioner has made an insufficient showing as to either prong, the court may dispose of the claim without addressing the other prong. See id. at 697.

**A.  Failure to Review Plea Agreement**

In considering whether an attorney's assistance fell below an objective standard of reasonableness in plea negotiations, if "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Mahan argues that Hicks failed to review the plea agreement with him before he pleaded guilty and pressured him to sign the plea agreement without Mahan fully understanding what it entailed. However, in Mahan's sworn testimony at his rearraignment, Mahan stated that he had sufficient time to discuss the plea with Hicks and that he was satisfied with Hicks' advice and services. Additionally, he said that he understood the rights that he was waiving by pleading guilty. Mahan said he had no questions about the plea and that he had reviewed it with his attorney. Finally, Mahan confirmed that he was pleading voluntarily and understandingly with the full knowledge of the consequences of his plea. The court must credit Mahan's sworn testimony at his rearraignment unless there is evidence that would cast doubt on his testimony. There is no such evidence in this case. Mahan has not met his burden to show that Hicks' representation fell below an objective standard of reasonableness.

**B. Failure to Move to Suppress Firearms and Ammunition**

Mahan argues that Hicks was ineffective in failing to file a motion to suppress evidence of twenty firearms and more than 26,000 rounds of ammunition that were found in Mahan's detached garage. Mahan argues that officers acted outside the scope of the warrant because the word "residence" in the warrant, and in the affidavit attached to the warrant, did not fairly encompass the detached garage where the evidence was found. The government argues that the detached garage is part of the curtilage of the house and therefore encompassed by the word "residence" in the search warrant.

In order to show <u>Strickland</u> prejudice when alleging counsel was deficient in not filing a motion to suppress, the movant must "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986). Here, Mahan must show that he would have won a motion to suppress on the grounds he alleges. He must also show that he would not have entered a guilty plea if the motion to suppress had been granted.

Mahan's central argument is that (1) the warrant as written did not extend to the detached garage and (2) the executing officers breached his Fourth Amendment rights when they searched the garage without a separate search warrant. The government argues that numerous circuit courts of appeals, including the Fifth Circuit, have held that detached garages are within the scope of a search warrant for a residence.

The warrant does not mention the garage, or contain catchall terms such as "premises" or "outbuildings" or "other structures" that would more clearly indicate that the garage was included in the scope of the warrant. However, courts have recognized that a search warrant for a residence

includes objects and buildings within the curtilage of the residence, even if not specifically mentioned in the warrant. WAYNE LAFAVRE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 4.10(a) (6th ed.). "[I]f the place to be searched is identified by street number, the search is not limited to the dwelling house, but may also extend to the garage and other structures deemed to be within the curtilage and the yard within the curtilage." Id.

The Supreme Court of the United States announced a four-factor test to determine whether an area is within a home's curtilage in United States v. Dunn, 480 U.S. 294, 301 (1987). The court should consider: (1) the area's proximity to the home; (2) whether the area is included within an enclosure surrounding the house; (3) whether the area is being used for the intimate activities of the house; and (4) the steps taken by the resident to protect the area from observations by passersby.

Although the garage in this case was detached from the house, there is only a small walkway separating the house and garage, with approximately fifteen feet between the house and garage. There is an eight-foot tall fence surrounding the entirety of the lot, which takes in the garage and the driveway. Mahan and his family used the garage for work and storage. The eight-foot fence surrounding the house and garage demonstrates that the garage was part and parcel of the residence. Thus, the detached garage is within the curtilage of the residence. The executing officers therefore did not exceed the scope of the warrant. Accordingly, a motion to suppress evidence obtained from Mahan's garage would have been denied. Hicks' performance as defense counsel did not fall below the constitutional minimum, and Mahan's claim of ineffective assistance of counsel for failing to file the motion to suppress is denied.

**C. Failure to File Motion to Suppress as to Laptop and Hard Drive**

Mahan argues that Hicks' failure to file a motion to suppress for a Toshiba laptop and a Western Digital hard-drive, that contained thousands of images and dozens of videos of child

pornography, constituted ineffective assistance of counsel because search warrants for the devices were not obtained.

The government entered into evidence, under seal, the warrants for the devices that Mahan claims did not exist. After examining the warrants, this court found no deficiencies. Thus, Mahan's arguments that the computer and hard-drive evidence should have been suppressed is denied.

**D. Failure to File a Motion to Dismiss Indictment**

Mahan argues that Hicks' failure to file a motion to dismiss the indictment constituted ineffective assistance of counsel. Mahan argues that the facts did not support a charge of "receipt" of child pornography, merely a charge of "possession." However, downloading and storing images from the internet onto one's computer can establish knowing receipt of child pornography. United States v. Runyan, 290 F.3d 223, 242-243 (5th Cir. 2002). Mahan admitted that he "accessed an undercover web server requesting web pages associated with child pornography." He also admitted that the government would prove that he used the computer and hard drive to download and save child pornography. Thus, Mahan's allegation that Hicks' failure to file a motion to dismiss the indictment constituted ineffective assistance is not meritorious.

**E. Failure to Subject the Claims in the Presentence Report to Adversarial Testing**

Mahan argues that Hicks was ineffective because he failed to challenge the presentence investigation report ("PSR"). However, at rearraignment, Mahan testified that he reviewed the PSR with Hicks and had no objections. This argument is without merit.

**F. Failure to Present Sufficient Mitigation Evidence at Sentencing**

Mahan argues that Hicks failed to present various kinds of mitigating evidence at sentencing. Mahan's PSR indicated a guideline range of 135-168 months. Hicks filed a 14-page request for downward variance seeking a sentence of 63-78 months. The memorandum included

detail about Mahan's family history, mental trouble, and trying circumstances throughout his life. The memorandum also makes a well-researched and articulate argument for why the routine application of the sentencing guidelines was inappropriate in Mahan's case. The court ultimately sentenced Mahan to 151 months, the very middle of the guideline range, after duly considering the motion for downward variance. Mahan's ultimate sentence was not due to Hicks' deficient representation.

For the foregoing reasons, the court finds that Mahan has failed to establish this his plea was invalid or his attorney's assistance was ineffective, and accordingly,

**IT IS HEREBY ORDERED** that Daniel Justin Mahan's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DENIED**.

New Orleans, Louisiana, this  12th  day of March, 2021.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**