**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CIVIL ACTION**

**VERSUS**                                       **NO:  18-111**

**DANIEL MAHAN**                                 **SECTION: "S" (3)**

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that defendant's **Motion to Disqualify** (Rec. Doc. 78) is **DENIED**.

**BACKGROUND**

On March 14, 2019, defendant, Daniel Mahan, was convicted upon his plea of guilty for possession of firearms and ammunition by a convicted felon and for receipt of child pornography. He was sentenced to 151 months imprisonment, within the guideline range. Defendant subsequently filed a motion pursuant to 28 U.S.C. § 2255 in which he argued that his plea was involuntary and that he received ineffective assistance of counsel. The court denied the motion.

Defendant has filed the instant motion for recusal under 28 U.S.C. § 455(a), contending that the undersigned was impartial in analyzing and ruling on the §2255 motion. Defendant argues that "[i]t is [his] personal impression the [the court] did ignore the law and the facts" in the Order and Reasons denying him § 2255 relief. Defendant also argues that three unrelated cases establish the court's impartiality in his case.

**DISCUSSION**

*Applicable Law*

Under title 28, section 455(a), a judge must recuse herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned."  When evaluating a recusal request, courts consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." United States v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995) (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860–61 (1988)). A reasonable and objective person's viewpoint is that of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 455 (5th Cir. 2003) (quoting Jordan, 49 F.3d at 156). Further, the origin of judge's alleged bias is relevant. Id. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 558 (1994)."[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

*Analysis*

As noted above, defendant contends that it is his personal impression that the court ignored ignore the law and the facts in the Order and Reasons denying him § 2255 relief. Specifically, he argues that the court failed to include certain facts in its analysis, used "ambiguous terms" that defendant agreed to in the plea agreement, and failed to acknowledge

that the government did not submit a letter detailing his nonexistent cooperation. Defendant also advances arguments for why the court's decisions regarding the voluntariness of defendant's plea and his ineffective assistance of counsel claim were incorrect. However, these arguments – that the undersigned misread or misapplied the law at various junctures during his prosecution – "are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555. None of these arguments address bias and impartiality.

Defendant also cites three unrelated civil cases as evidence of impartiality.[1] Two of the cases were previously assigned to this court; the third is a case in which the undersigned's son was a party. The referenced cases do not reflect any bias or prejudice by the court. More importantly, defendant does not include any factual allegations indicating what relevance or connection there is between the cases he cited as a basis for recusal and his case. Absent any connection to the present case, the cited cases provide no evidence of impartiality toward the defendant.

In sum, defendant has not alleged any facts that would cause a well-informed, thoughtful and objective observer to question the court's impartiality. Further, the court has no personal knowledge of the facts in this case outside of the record, no financial interest in the outcome of this matter, or relationships with any of the parties that would call its impartiality into question. Accordingly, there is no basis for recusal. Therefore,

---

[1] Cashman Equipment Corp. v. Rozel Operating Co., et al., EDLA Docket No. 08-cv-363 "S"; Rozel Operating Co. v. Crown Point Holdings, LLC, et al., EDLA Docket No. 16-cv-1687 "J"; and Claimant ID 10011142 v. BP Exploration & Production, Inc., et al., 758 F. A'ppx 336 (2019) (unpublished).

**IT IS HEREBY ORDERED** that defendant's **Motion to Disqualify** (Rec. Doc. 78) is

**DENIED**.

New Orleans, Louisiana, this  15th  day of September, 2021.


MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

4